## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSICA KELLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO:** _____ |
| | ) | |
| **OFFICER MATTHEW KING,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Jessica Kelly, by and through the undersigned counsel and asserts the following:

## PRELIMINARY STATEMENT

At all times relevant to this action, Jessica Kelley ("Plaintiff") was in the custody of the Alabama Department of Corrections ("ADOC"), housed at the Birmingham Community-Based Facility. For several months starting around May of 2022, Plaintiff and Defendant Officer Matthew King were involved in an intimate and sexual relationship. At all times relevant to this action, Defendant was an ADOC Officer at the Birmingham Community-Based Facility in Birmingham, Alabama. As alleged more fully herein, Plaintiff was coerced, intimidated, and/or forced into the relationship with Defendant.

1

## PARTIES

1. **Plaintiff Jessica Kelly** ("Plaintiff") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Plaintiff was in the custody of ADOC, being housed at the Birmingham Community-Based Facility ("Birmingham Work Release") in Birmingham, Alabama. Ms. Kelly is currently housed at Tutwiler Prison.

2. **Defendant Matthew King** ("Defendant King") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Defendant was employed at the Birmingham Community-Based Facility. Upon information and belief, Defendant is currently employed at Alabama Therapeutic Education Facility ("ATEF") in Columbiana, Alabama. At all times relevant to this action, Defendant acted under the color of law of scope and in the scope of his employment. Defendant is being sued in his individual and official capacities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1988(a), as this action seeks redress for a violation of Plaintiff's Eighth and Fourteenth Amendment rights under the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

2

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are so related to Plaintiff's 42 U.S.C. § 1983 claims.

5. Venue is proper in the United States District Court for the Northern District of Alabama, pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions that give rise to Plaintiff's claims occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

### I.    Plaintiff and Defendant's Relationship.

6. At all times relevant to this action, Plaintiff was an inmate housed at Birmingham Community-Based Facility in Birmingham, Alabama.[1] Defendant was a correctional officer at Birmingham Work Release.

7. Plaintiff was employed at Burger King located at 517 Cahaba Park Circle Birmingham, Alabama 35242 from 2022 until early January of 2023. She was also employed at The Fish Market Restaurant located 5409 US-280 Birmingham, Alabama 35242 from the end of 2021 until May of 2022.

8. From around May until December of 2022, Plaintiff and Defendant were engaged in a relationship in which Defendant exercised and exerted control over Plaintiff.

---

[1] According to the ADOC's website, Birmingham's Community-Based Facility "houses female inmates who are given job opportunities in the local community."

At all times relevant thereto, Plaintiff was under the control, confinement, and direction of ADOC officers and staff, including Defendant. She had no freedom or ability to refuse directions from guards or their superiors.

9. During the time of their relationship, Defendant sent Plaintiff money, clothing, added money to facility phones for her use, and contacted her on facility devices under different aliases. He also appeared at her community jobs on multiple occasions.

10. On at least one occasion, while the Plaintiff was working at Burger King, Defendant picked her up in his vehicle to have sexual intercourse in the parking lot of La Quinta Inn behind Burger King.

11. During the relationship, Plaintiff feared for her safety and well-being. She reasonably believed that Defendant would further exert his control and retaliate against her if she reported the inappropriate relationship and gestures made to her.

12. Consequently, Plaintiff continued in this coerced and inappropriate relationship with Defendant so no adverse actions would be made against her, including a change in her custody status.

**II.    The Inappropriate Relationship Caused Plaintiff's Mental Health to Significantly Deteriorate.**

13. After the inappropriate relationship was discovered by others, the ADOC's Law Enforcement Services Division ("LESD") launched an investigation.

4

14. Plaintiff was heavily scrutinized, removed from her job, and targeted by other staff employed at Birmingham Work Release.

15. Prior to the relationship, Plaintiff was assigned to the ADOC's mental health caseload.

16. Plaintiff has been evaluated and treated by the ADOC Office of Health Services for depression, anxiety, PTSD, and borderline personality disorder since around 2020.

17. In early 2020, Plaintiff was seen by ADOC Office of Health Services regarding her emotional and psychological state. She described feeling hopeless, helpless, tearful, and having difficulty sleeping on a normal schedule. The treating ADOC psychologist described Plaintiff as "unstable in psychological and emotional functioning" due to her feelings of depression, PTSD induced flashbacks, and nightmares. A regular treatment plan was created, including journaling, exercise, and regular counseling sessions to overcome Plaintiff's symptoms of trauma, anxiety, and depression.

18. As evidenced by Plaintiff's ADOC records, the relationship with Defendant, and subsequent retaliation by ADOC personnel, caused a significant decline in her mental health.

19. For example, in February of 2023, Plaintiff's mental health records indicated that she was removed from her job because of the I&I investigation into her relationship with Defendant.

20. In early March of 2023, Plaintiff's mental health records indicated that she "reported continued and increased stress and frustration. [Plaintiff] reported feeling retaliated against due to complaint she made about ADOC staff harassing her."

21. Later in March of 2023, Plaintiff's mental health records indicated that she was suffering from high anxiety due to an ongoing investigation by the ADOC into her relationship with Defendant.

22. In May of 2023, Plaintiff's mental health records indicated that Plaintiff had a history "of problems with ADOC officers including an inappropriate relationship with one officer while working off campus. [Plaintiff] feels that she is being targeted by other officers at the facility since the inappropriate interactions were reported and investigated."

23. As a result of the conduct stated in this complaint, Plaintiff was physically and psychologically injured and experienced degradation, emotional distress, mental anguish, and continued pain and suffering.

6

## CAUSES OF ACTION

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – CRUEL AND UNUSUAL PUNISHMENT

24. Plaintiff adopts and re-alleges paragraphs 1-3 and 5-23 of this Complaint as if fully set forth herein.

25. An Eighth Amendment violation occurs when a prison official sexually abuses an inmate. The Eleventh Circuit has geld that "Sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society."[2]

26. Defendant, exercising his position of authority under the color of state law, forced Plaintiff to engage in indecent sexual acts and engage in a relationship with him.

27. At all times relevant to the relationship and sexual acts, Plaintiff was an inmate and Defendant was a correctional officer that possessed the authority to discipline her if she did not surrender to such authority.

28. As evidenced by Plaintiff's mental health deterioration, the relationship with Defendant caused Plaintiff – who had a history of mental illnesses – humiliation, degradation, mental anguish, and unnecessary infliction of pain and distress.

---

[2] *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006).

7

29. Defendant's exercise of control over Plaintiff served no penological purpose and was thus unlawful.

30. Consequently, Plaintiff suffered bodily injury, emotional distress, mental anguish, and pain and suffering.

## STATE CLAIMS

## COUNT II: NEGLIGENCE

31. Plaintiff adopts and re-alleges paragraphs 1-23 of this Complaint as if fully set forth herein.

32. Defendant, individually and in his capacity as an ADOC employee, owed Plaintiff a duty to supervise inmates, ensure a reasonably safe and secure environment at Birmingham Community-Based Facility, and follow ADOC policies and procedures.

33. Defendant breached that duty when he used his position as an ADOC employee coerce, intimidate and/or force Plaintiff into engaging in an intimate sexual relationship with him.

34. As a direct and proximate result of Defendant's breach, Plaintiff sustained bodily injury, humiliation, degradation, mental anguish, and unnecessary infliction of pain of distress.

## COUNT III: VIOLATION OF ALABAMA CODE § 14-11-31 – NEGLIGENCE PER SE

35. Plaintiff adopts and re-alleges paragraphs 1-23 of this Complaint as if fully set forth herein.

36. Negligence per se arises from the premise that the legislature may enact a statute that replaces the common law standard of the reasonably prudent person with an absolute, required standard of care.

37. When the legislature adopts such a statute, anyone who violates it and causes an injury to a person whom the statute intended to protect is liable for negligence per se.

38. Alabama Code Section 14-11-31(a), which is also included in ADOC Administrative 318, explains that "It shall be unlawful for any employee to engage in sexual conduct with a person who is in the custody of the Department of Corrections, the Department of Youth Services, a sheriff, a county, or a municipality."[3]

39. Further, Alabama Code Section 14-11-13(e) explains that "For the purposes of this article, the consent of the person in the custody of the Department of Corrections. . .shall not be a defense to a prosecution under this article."

40. The purpose of this statute is to strictly prohibit any sexual conduct between ADOC employees and inmates.

---

[3] *See* Exhibit A.

9

41. Defendant violated the statute when he engaged in a relationship with Plaintiff and engaged in sexual conduct with her on at least one occasion.

42. Defendant's violation of Alabama Code Section 14-11-13 was the direct and proximate cause of Plaintiff's injuries, including, but not limited to, physical injuries, psychologically injuries, degradation, emotional distress, mental anguish, and continued pain and suffering.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests this Honorable Court enters judgment in her favor and against Defendant for the following relief:

a. Compensatory damages for emotional distress, pain and suffering, mental anguish, loss of enjoyment of life, and special damages in an amount to be determined by a jury;

b. Nominal damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

e. All other monetary and/or equitable relief that this Honorable Court deems appropriate and just.

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted on this 8th day of May 2024.


*/s/ Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
Kristen E. Gochett

*Attorneys for Plaintiff*


**OF COUNSEL:**
**Maxwell & Tillman**
2326 2nd Avenue North
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
Email: maxwell@mxlawfirm.com
kgochett@mxlawfirm.com


## DEFENDANTS SERVED VIA PROCESS SERVER.


**Officer Matthew King**
*Delivered via Process Server*


*/s/ Leroy Maxwell, Jr.*
OF COUNSEL


11